# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6540 | **DATE** | 2/5/01 |
| **CASE TITLE** | MELISSA M. TOMASKA v. COUNTY OF LASALLE, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Defendant David C. Day's motion to dismiss Count V [13-1] is granted. County of LaSalle's, LaSalle State's Attorney's Office's, and Michael T. James' motion to dismiss Counts I-V and VII [12-1] is granted in part and denied in part. Counts I, II, V, and VII are dismissed against all defendants with prejudice. Counts III and IV are dismissed against Day and James in their official capacity and the SA's Office with prejudice. Defendants are directed to answer the remaining claims by February 20, 2001. ENTER MEMORANDUM OPINION AND ORDER.

*/s/ Suzanne B. Conlon*

(11) ■ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | | |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | **Document Number** |
| ✓ | Notices mailed by judge's staff. | | | FEB - 7 2001 | |
| | Notified counsel by telephone. | | | date docketed | |
| | Docketing to mail notices. | | | | 21 |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | 2/5/01 | |
| SB | courtroom deputy's initials | | 01 FEB -6 PM 5:49 | date mailed notice jnd | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**

**FEB - 7 2001**

MELISSA M. TOMASKA )
)
Plaintiff, ) No. 00 C 6540
)
v. ) Suzanne B. Conlon, Judge
)
COUNTY OF LASALLE, LASALLE COUNTY )
STATE'S ATTORNEY'S OFFICE, MICHAEL T. )
JAMES and DAVID C. DAY, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Melissa Tomaska ("Tomaska") sues County of La Salle ("the county"), LaSalle State's Attorney's office ("SA's office"), Michael T. James ("James"), and David C. Day ("Day") (collectively "defendants")[1] for sexual discrimination (Counts I, III, VI, and VII), sexual harassment (Count II and IV), and conspiracy (Count V), pursuant to Title VII of the Civil Rights Act of 1963 ("Title VII"), the Government Employee Rights Act of 1991 ("GERA"), the Equal Pay Act of 1963 ("Equal Pay Act"), and 42 U.S.C. § 1983 ("§ 1983"). Day moves to dismiss Count V, pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6). The remaining defendants move to dismiss Counts I through V and VII, pursuant to Fed.R.Civ.P. 12(b)(6).[2]

## BACKGROUND

James is the state's attorney for LaSalle county, and Day is the first assistant state's attorney for the county. In August 1997, James hired Tomaska to work as an Assistant State's Attorney

---

[1] Tomaska sues James and Day individually and in their official capacity.

[2] James does not move to dismiss Counts III and IV in his individual capacity.



("ASA") in the misdemeanor division of the SA's office.[3] As an ASA, Tomaska was primarily responsible for domestic violence cases, including felony prosecutions. James and Day periodically commended Tomaska for her exceptional work performance. In addition, they gave her several salary raises throughout the course of her employment. Tomaska left the ASA's office in April 1999.

Tomaska claims she was constructively terminated from her position due to office policies condoning defendants' sexually harassing behavior. Specifically, Tomaska alleges Day frequently made discriminatory and disparaging comments to her and to other females in the office and this behavior was humiliating, frustrating, and was perceived as physically threatening. Tomaska further alleges James acquiesced to Day's harassing behavior, even after receiving numerous complaints from female employees.

## DISCUSSION

### I.     Motion To Dismiss Standard

In ruling on a motion to dismiss, the court considers "whether relief is possible under any set of facts that could be established consistent with the allegations." *Id.* (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A claim may be dismissed only if there is no set of facts that would entitle the plaintiff to relief based on the allegations in the complaint. *Vonderohe v. B & S of Fort Wayne, Inc.*, 36 F.Supp.2d 1079, 1081 (7th Cir. 1999). A motion to dismiss tests the sufficiency of the complaint, not its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).

---

[3]In paragraph 12 of Tomaska's complaint, she alleges James hired her in August 1998. This court will assume "1998" was a typographical error since Tomaska alleges in paragraph one that her employment began in August 1997 and the rest of the complaint suggests her employment began in 1997.

2

## II. Counts I and II

In Counts I and II, Tomaska alleges defendants violated Title VII by creating a hostile work environment and treating her differently on the basis of gender. In order to state a Title VII claim against an employer for unlawful practices, an individual must be an "employee" within the meaning of the Act. *Americanos v. Carter*, 74 F.3d 138, 144 (7th Cir. 1996). An "employee" does not include policymaking appointees. 42 U.S.C. § 2000e(f). ASAs are not "employees" within the meaning of Title VII because they are considered "appointees on a policy-making level." *Guy v. State of Illinois*, 958 F.Supp. 1300, 1305 (N.D. Ill. 1997). Accordingly, Counts I and II are dismissed as to all defendants.[4]

## III. Counts III and IV

In Counts III and IV, Tomaska alleges defendants violated her equal protection rights by subjecting her to gender discrimination and harassment, in violation of §1983. The Eleventh Amendment bars suits against states, state agents, state instrumentalities, and state officials in their official capacity. *Regents of the University of California v. Doe*, 519 U.S. 425, 429 (1997). As an instrumentality of the state, the SA's office cannot be sued. Similarly, a claim against a state's attorney in his official capacity is treated as a claim against the state. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Therefore, the Eleventh Amendment bars §1983 suits against state's attorneys. *McGrath v. Gillis*, 44 F.3d 567, 571 (7th Cir. 1995). Accordingly, James and Day cannot be sued in their official capacity.

Tomaska alleges the county violated §1983 by having a policy of constitutional deprivation. To establish liability under §1983, a plaintiff must "identify those officials or governmental bodies who speak with final policymaking authority for the local governmental actor concerning the action alleged

---

[4]The question of whether James is considered an "employer" under the Act is moot.

to have caused the particular constitutional or statutory violation at issue." *McMillan v. Monroe County, Alabama*, 520 U.S. 781, 785 (1997). In her complaint, Tomaska alleges James had policymaking authority for the SA's office. James' actions can only impose §1983 liability on the county if he is a county official. The resolution of whether a person is a state or county official depends on state law. *Scott v. Grady*, 975 F.2d 366, 370 (7th Cir. 1992). Under state law, James is considered a state official and not a county official. *Ingemunson v. Hodges*, 549 N.E.2d 1269, 1270 (Ill. 1990). Therefore, this court may not impose liability on the county based on James' actions.

In her response to defendants' motion to dismiss, Tomaska alleges Joseph Hettel, the chairman of the LaSalle County Board, and other board members are policymakers and that the county can be held liable under §1983 for their actions.[5] Liability may be imposed on a municipal entity "for constitutional deprivations visited pursuant to governmental 'custom' even though such custom has not received formal approval through the body's official decisionmaking channels." *McNabola v. Chicago Transit Authority*, 10 F.3d 501, 511 (7th Cir. 1993). A custom may be established by showing policymakers knew about the improper practice and allowed the practice to continue. *Id.* Knowledge may be inferred if the practice is longstanding or widespread. *Id.* Read in a light most favorable to Tomaska, her complaint alleges the policy of sexual harassment in the SA's office applied to all the females and continued over a period of several years. Tomaska may be able to prove the county board members knew about a policy of sexual harassment in the SA's office. Accordingly, Counts III and IV cannot be dismissed as they pertain to the county.

---

[5]To defeat a motion to dismiss, a plaintiff may allege additional facts in a brief if the facts are consistent with the complaint. *Hentosh v. Herman M. Finch Univ.*, 167 F.3d 1170, 1173 n. 3 (7th Cir. 1999); *Albiero v. City of Kankakee*, 122 F.3d 419 (7th Cir. 1997).

4

## IV. Count V

Tomaska alleges James and Day conspired to sexually harass her and discriminate on the basis of gender. She further alleges the county and the SA's office are liable for conspiracy because James and Day are their agents. In order to state a conspiracy claim, a plaintiff must allege: (1) a conspiracy; (2) for the purpose of depriving any person or class of the equal protection of the laws or the equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; and (4) a person is injured or deprived of a right or privilege guaranteed to United States citizens. *United BHD of Carpenters & Joiners of Am., Local 610 AFL-CIO v. Scott,* 463 U.S. 825, 828-29 (1983). Under the intra-corporate conspiracy doctrine, members of the same collective entity cannot be held liable for conspiring with each other. *Travis v. Gary Community Mental Health Center, Inc.,* 921 F.2d 108, 110-11 (7th Cir. 1990). The intra-corporate conspiracy doctrine applies to employees or agents of governmental entities. *Wright v. Illinois Dept. of Children & Family Services,* 40 F.3d 1492, 1508-09 (7th Cir. 1994).

Tomaska cites several cases finding the intra-corporate conspiracy doctrine does not apply in egregious circumstances. However, Tomaska does not allege sufficient facts to support a claim of egregious circumstances. Tomaska cites *Volk v. Coler,* 845 F.2d 1422, 1434-36 (7th Cir. 1988) to stand for the proposition that the egregious circumstances exception applies when the plaintiff has alleged numerous acts undertaken by corporate defendants. However, the *Travis* court clarified *Volk* by explaining that existence of egregious circumstances depends not on the number of discriminatory acts but rather on the number of actors. *Travis,* 921 F.2d at 111. Tomaska only names James and Day as conspirators. A conspiracy between two people does not constitute egregious circumstances.

5

The other cases cited by Tomaska also fail to support her contention that egregious circumstances have been alleged. Egregious circumstances may exist when defendants are motivated by personal rather than corporate bias. *Payton v. Rush-Presbyterian-St. Luke's Medical Center*, 184 F.3d 623, 633 (7th Cir. 1999). Tomaska alleges James' discriminatory acts occurred in the context of his employment decisions. Furthermore, she alleges James' discriminatory intent stems from employment policies. Therefore, she acknowledges James is not motivated solely by personal bias. Because Tomaska has not sufficiently alleged egregious circumstances, she does not state a conspiracy claim against James and Day. Similarly, the county and the SA's office cannot be held liable for James' and Day's alleged conspiracy. Accordingly, Count V must be dismissed as to all defendants.

## V.   Count VII

Tomaska alleges defendants violated GERA by discriminating against her based on gender. GERA applies to the employment of individuals chosen or appointed by an elected public official who were considered "previously exempt state employees." 2 U.S.C. § 1220(a).

In order for this court to have jurisdiction over a GERA claim, the plaintiff must have complied with statutory administrative procedures. *Guy v. State of Illinois*, 958 F.Supp. 1300, 1306 (7th Cir. 1997). An individual alleging a GERA violation must file a complaint with the EEOC within 180 days of the violation. After a complaint is filed, the EEOC must set forth its determination in a final order. 2 U.S.C. § 1220(b)(1). The decision on appeal shall be its final order. 29 C.F.R. 1603.304. Any party aggrieved by a final order may obtain judicial review. 28 U.S.C. § 2342. After examining the entire record, the reviewing court will decide all relevant questions of law based on the standards in 2 U.S.C. § 1220(d).

Tomaska has not alleged sufficient facts to show the EEOC issued a final order on her GERA claim. "The federal district court only has jurisdiction to review administrative determinations once the issues have been hashed out at the administrative level." *Id.* Proper EEOC procedures include investigation, hearings, and an appeal to the EEOC. *See* 29 C.F.R. 1603.100. Tomaska has not alleged or submitted evidence that there was an EEOC investigation, administrative hearing, or appeal. She has simply alleged the EEOC improperly closed its file on her GERA claim. "Plaintiff's argument that the EEOC should open its doors to plaintiff's GERA claim is more properly addressed to the agency itself." *Id.* This court does not have jurisdiction to hear Tomaska's GERA claim or to order the EEOC to hear the case. And even if this court had jurisdiction, Tomaska has failed to submit a record for review. Accordingly, Count VII must be dismissed as to all defendants.

## CONCLUSION

The motions to dismiss are granted in part and denied in part.


ENTER:

Suzanne B. Conlon
United States District Judge

February 5, 2001